## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

IN RE:                                                        CASE NO. 17-21484-EPK

MILENA V. SOKOLOFF                          CHAPTER 7

     Debtor.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE BETWEEN (I) MILENA V. SOKOLOFF, DEBTOR AND (II) THE HORTON LAW GROUP, P.A. AND SOMMER HORTON WITH RESPECT TO ADVERSARY PROCEEDING NO.17-01432-EPK AND DEBTOR'S MOTION FOR CONTEMPT [D.E.23]

## NOTICE
**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-(D), be deemed to have consented to the entry of an order in the attached to this motion. Any schedule hearing may then be canceled.**

Melina V. Sokoloff, Debtor-Defendant ("Debtor") and The Horton Law Group, P.A. and Sommer C. Horton, Individually, (collectively "Horton') by and through respective undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, file this Joint *Motion to Approve a Settlement Agreement between the Debtor and Horton, with Respect to Adversary Proceeding No.: 17-01432-EPK,* and *Debtor's Motion for Contempt against Horton* [D.E. 23]. In support of this Motion, the Debtor and Horton state as follows:

### Background

1. On September 19, 2017 the Debtor filed a voluntary Chapter 7 bankruptcy petition.

2. The Debtor listed in Bankruptcy Schedule F ($28,431.30), representing claimed attorneys' fees owed to Horton through legal representation of Debtor in her prior dissolution of marriage proceeding.

3. On November 02, 2017, Horton filed an Adversary Proceeding Complaint No. 17-01432-

EPK, [D.E. 22] challenging the Debtor's right to the bankruptcy discharge and attorney fee debt owed to Horton under sections 11 U.S.C. § 727 (a)(2),(4) and (6) of the United States Bankruptcy Code.[Adv. Pro. D.E. 1].

4. On December 04, 2017, the Debtor filed a timely Answer and Affirmative Defenses to the Horton Complaint in Adversary Proceeding No. 17-01432-EPK. [Adv. Pro. D.E. 6]

5. On December 02, 2017, the Debtor filed a Motion to hold Horton in *Contempt Of Court for Intentional Violations of the Automatic Stay, Enforcement of the Automatic Stay, Motion To Vacate A State Court Charging Lien Order Entered After the Bankruptcy Filing and An Award Of Debtor's Attorney's Fees* (the " Debtor's Motion for Contempt*"* [D.E. 23].

6.    On January 03, 2018, hearing was held on the Debtor's Motion for Contempt against Horton, after listening to arguments of the parties and at the request of Debtor's counsel, the Court set the matter for evidentiary hearing scheduled for February 15, 2018 at 9:30 a.m..

### Relief Requested

6.   The Parties have conducted settlement discussions in relation to the pending Adversary Proceeding No. 17-01432-EPK and Debtor's Motion for Contempt [De 23]. In order to avoid the costs and uncertainty attendant to litigation, and, after good faith negotiations, the parties have agreed to fully settle and finalize all disputes and issues on the terms set forth herein (i) the execution of a *Settlement Agreement and Release (*the "Agreement") (ii) a final judgment entered in the adversary proceeding declaring the attorneys' fees owed Horton are discharged (iii) entering an order voiding the Florida state court attorney's charging lien order previously entered in the matrimonial proceeding (iv) withdrawal of the Debtor's contempt motion against Horton with prejudice.

7.   The parties have entered into a *Settlement Agreement and Release* (the "Agreement") dated

January __, 2018, a copy of the proposed Agreement is attached hereto as **Exhibit "A"**, and is subject to the approval of this Court.

8.  The additional terms of the Agreement are set forth below.

a. Upon execution of the Agreement by the parties, the Debtor shall submit to the Court a proposed **Order**, *Granting Debtor's Motion to Approve Settlement Agreement and Release Between Milena V. Sokoloff Debtor, the Horton Law Group, P.A., Sommer Horton 2ith Respect to Adversary Proceeding No.:17-01432-EPK and Motion for Contempt*, a copy of the proposed Order is attached hereto as **Exhibit "B"**, subject to approval of this Court.

b. Promptly upon the Effective Date, Debtor's counsel shall submit a Stipulated Judgment to the Court to be filed in the Adversary Proceeding. The **Stipulated Judgment** shall order (i) the attorneys' fees ($31,387.73) owed by the Debtor to Horton are discharged (ii) all counts in the Plaintiff's adversary case are denied (iii) a separate order will be entered in the main bankruptcy case voiding the state court charging lien order. Horton agrees that all attorney fees associated with the state court matrimonial proceedings are to be discharged through the bankruptcy proceedings without further contest by Horton. A true and correct copy of the proposed Stipulated Judgment is attached as **Exhibit "C'**.

c. Promptly upon the Effective Date, the Court shall execute an **Order** declaring void and of no legal force and effect, the state court **Attorney Charging Lien Order** entered against the Debtor on October 10, 2017 for $31,387.73, on behalf of Sommer C. Horton, Esq. and the Horton Law Group, P,A,. The Debtor shall subsequently file the executed Order in the state court matrimonial proceeding, A true and correct copy of the proposed Order is attached as **Composite Exhibit "D"**.

d. Promptly upon the Effective Date the Debtor shall immediately file with the Court a

**withdrawal of the Motion** to hold Horton in contempt (with the exception of the voiding and vacating the Charging Lien Order) and the contempt hearing scheduled for February 15, 2018 @ 9:30 a.m. shall be cancelled. A true and correct copy of the proposed contempt withdrawal is attached as **Exhibit "E".**

      **WHEREFORE**, Debtor and Horton jointly request that the Court enter an order approving the Settlement Agreement and the proposed Exhibits attached to this Motion in form and substance, and grant such other relief as the Court deems necessary and proper.

Dated: January 04, 2018


Respectfully submitted,

**JAMES S. CARIS, P.A**.
/S/James S Caris
401 E. LAS OLAS BLVD
#130-117
FORT LAUDERDALE, FL 33301
TEL. (954)-522-0206
FAT (954)-523-0198
EMAIL:jamescaris@yahoo.com
FL BAR NO. 382213
ATTORNEY FOR DEBTOR/DEFENDANT

**and**

**THE HORTON LAW GROUP. P.A.**
/S/ Sommer C. Horton, President
101 PLAZA REAL SOUTH
SUITE 215
BOCA RATON, FL 33432
TEL. (561)-299-0018
FAX (561)-244-1960
EMAIL:shorton@horton-law-group.com
ATTORNEY FOR PLAINTIFF

/s/ Sommer C Horton
SOMMER C. HORTON
INDIVIDUALLY

## CERTIFICATE OF SERVICE .

**I HEREBY CERTIFY** a true and correct copy of the foregoing was electronically served using the CM/ECF system for the U.S. Bankruptcy Court Southern District Florida, which sent notification to all parties of interest participating in the CM/ECF regarding this case, includeing Trustee Debrorah on January ⟨1/12⟩2018 and by email transmission (with a physical copy of Order attached to Certificate of Service) to the Horton Law Group, P.A. and Sommer C. Horton, Esq., shorton@horton-law-group.com and dwolf@horton-law-group.com on January ⟨1/12⟩2018 and by First Class U.S. Mail to the United States Trustee at 51 S.W. First Avenue, Room 1024, Miami, Florida,33130.   ⟨1204⟩

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> JAMES S. CARIS, P.A.
> /s/James S Caris
> 401 E. LAS OLAS BLVD
> #130-117
> FORT LAUDERDALE, FL 33301
> 954-522-0206
> jamescaris@yahoo.com
> FL BAR NO. 382213
>       ATTORNEY FOR DEBTOR

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Debtor, Melina C. Sokoloff, (the "Debtor") and the Horton Law Group, P.A. and Sommer Horton, individually, (collectively "Horton"). The Debtor and Horton shall be referred to collectively as "Parties".

## RECITALS

WHEREAS, on September 19, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 title 11 of the United States Bankruptcy Code, in the Southern District of Florida, West Palm Beach Division (the "Court").

WHEREAS, the Debtor listed for discharge in Bankruptcy Schedule F $28,431.30 representing claimed attorneys' fees owed to Horton through legal representation of the Debtor in her prior dissolution of marriage proceeding, filed in the 15th Circuit Court of West Palm Beach, FL, Case No. 502016-DR-011536-(FZ).

WHEREAS, on November 2, 2017 Horton filed Adversary Proceeding Complaint No. 17-01432-EPK [D.E. 22], the Debtor's right to a bankruptcy discharge of the attorney fee debt owed to Horton and Objection to general discharge be denied under sections 11 U. S. C.§ 727(a)2,4 and 6 of the United States bankruptcy code.[Adv. Pro. D.E.1].

WHEREAS, subsequent to the bankruptcy filing, on October 10, 2017 Horton sought and obtained an Attorneys Charging Lien Order for ($31,387.73) against the Debtor, which was attached as Exhibit D to the Adversary Complaint (the "Charging Order").

WHEREAS, in response to issuing the Charging Order and subsequent collection efforts, on December 2, 2017 the Debtor filed a *Motion to Hold Attorney Sommer Horton and the Horton Law Group, P.A. in* Contempt *of Court For Intentional Violations Of The Automatic Stay, Enforcement of The Automatic Stay, Motion To Vacate Estate Court Charging Lien Order Entered After The Bankruptcy Filing And An Award Of Attorney's Fees* [D.E. 23].

WHEREAS, hearing was held on January 3, 2018 on the Debtor's Motion for Contempt against Horton. After hearing arguments of the parties and at the request of Debtor's counsel, the Court scheduled the matter for evidentiary hearing on February 15, 2018 at 9:30 a.m..

WHEREAS, the Parties seek to avoid the cost and uncertainty attended to litigation, and after discussion and negotiation, have agreed to fully settle all disputes set forth in the Bankruptcy Pleadings and Adversary Proceeding, by entering into the subsequent Agreement.

1

## AGREEMENT

**NOW, THEREFORE**, in consideration of the recitals set forth above and promises made herein, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Effective Date**: The Agreement becomes effective on (i) execution by the Parties, and (ii) the entry by the Court of a final non-appealable Order approving the Agreement (the date all conditions are triggered, the "Effective Date").

2. **Recitals**: The Recitals set forth above form an integral part of this Agreement and are incorporated fully herein.

3. **Stipulated Judgment as to Dischargeability of Attorney Fees Owed to Horton**: Promptly upon the Effective Date, Debtor's counsel shall submit a Stipulated Judgment to the Court to be filed in the Adversary Proceeding. The **Stipulated Judgment** shall order (i) the attorneys' fees ($31,387.73) owed by the Debtor to Horton are discharged (ii) all counts in the Plaintiff's adversary case are denied (iii) a separate order will be entered in the main bankruptcy case voiding the state court charging lien order. Horton agrees that all attorney fees associated with the state court matrimonial proceedings are to be discharged through the bankruptcy proceedings without further contest by Horton. A true and correct copy of the proposed Stipulated Judgment is attached as **Exhibit "C'**.

4. **Bankruptcy Order Voiding the State Court Charging Lien Order**. Promptly upon the Effective Date, the Court shall execute an Order declaring void and of no legal force and effect, the state court Attorney Charging Lien Order entered against the Debtor on October 10, 2017 for ($31,387.73), on behalf of Sommer C. Horton, Esq. and the Horton Law Group, P,A,. The Debtor will file this Order in the state court matrimonial proceeding, A true and correct copy of the proposed Order is attached as **Composite Exhibit "D"**.

5. **Withdrawal of Motion to Hold Horton in Contempt**. Promptly upon the Effective Date the Debtor through counsel shall immediately file with the Court a Notice withdrawing the Motion to hold Horton in contempt and the contempt hearing scheduled for February 15, 2018 @ 9:30 a.m. shall be canceled.  A true and correct copy of the proposed contempt withdrawal is attached as **Exhibit "E"**.

6. **Release**. In consideration of each other Party's execution of this Agreement and the settlement embodied herein, as of the Effective Date on behalf of the Debtor and Horton, and any person or entity claiming under or through it, hereby generally releases, discharges and acquits each other party from all costs, expenses, and claims of every kind, nature and character whatsoever, including without limitation, claims for damages, punitive damages, claims for dischargeability, non-dischargeability,(other than the rights and obligations of the parties as set forth under this Agreement) whether based on contract, quasi-contract, estoppel, tort, statute, code, rule, intentional torts, fraud, misrepresentation, breaches of fiduciary duty, recklessness, gross negligence or negligence, or any other kind, accrued or un-accrued, known or unknown, matured, or un-matured, liquidated or unliquidated, certain or contingent asserted or un-asserted claims. that such releasing Party ever had or claimed to have, or now has or claims to have presently or at any

future date, against any Released Party arising under or related to the matrimonial proceedings, bankruptcy proceedings, and the adversary proceedings.

7. **Successors**: This Agreement shall be binding in all respects upon, and shall inure to the benefit of the Debtor and Horton, and their respective heirs, successors and assigns.

8. **Final Agreement**: The Parties agree that there are no other agreements between the Parties, and that this Agreement constitutes the entire agreement of the Parties concerning its terms, and a complete merger of prior negotiations and agreements relating to those terms.

9. **No Admissions**: The Parties hereto agree that neither this Agreement, the termination of this Agreement, nor any actions taken by the Parties hereto, either previously or in connection with the compromise reflected in this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any matter or any claim, demand, or cause of action referred to herein or relating to the subject matter of this Agreement, or any hereto.

10. **Full Authority**: Each of the Parties represents that its signatory below has the full authority to execute, deliver and fully perform this Agreement and is fully authorized to bind its respective Parties to all the terms and conditions of this Agreement.

11. **Attorneys' Fees and Costs**: The Parties shall bear their own attorneys' fees, costs and expenses, in all matters associated with adversary proceeding and bankruptcy administration.

12. **Modification**: This Agreement may not be modified other than by a signed writing executed by an authorized representative of the Parties, or by further order of the Court.

13. **Choice of Law**: This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to the State of Florida rules concerning conflicts of laws.

14. **Choice of Forum**: The Parties agree that any action arising from or related to the enforcement or implementation of this Agreement shall be brought in this Court.

15. **Counterparts and Facsimiles:** The Agreement may be executed in counterparts, and delivery may be affected by transmission of executed counterparts by electronic means, or by facsimile, all of which may be given the same force and effect as a manually executed original.

**IN WITNESS HEREOF**, the undersigned executed this Agreement on the /24th/January 2018, as follows:

On Behalf of the Debtor

On Behalf of the Creditor

/s/ Sommer C. Horton_____
SOMMER C. HORTON
**Individually**

/s/ James S. Caris_____
James S. Caris, Esq.
**Attorney for the Debtor**

Sommer C. Horton, as President____
HORTON LAW GROUP, P.A.

3

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

IN RE:                                              Case No.: 17-21484-BKC-EPK

MILENA V SOKOLOFF                                   Chapter 7

Debtors.
_____/

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE SETTLEMENT**
**AGREEMENT AND RELEASE BETWEEN (i) MILENA V. SOKOLOFF,DEBTOR (ii)**
**THE HORTON LAW GROUP, P.A. AND (iii) SOMMER C. HORTON WITH RESPECT**
**TO ADVERSARY NO.: 17-21484-EPK AND DEBTOR'S MOTION FOR CONTEMPT**

**THIS MATTER** came before the Court upon the *Debtor's Motion to Approve Settlement*

*Agreement and Release Between (i) Milena V. Sokoloff, Debtor; (ii) The Horton Law Group,*

*P.A. and (iii) Sommer C. Horton with Respect to Adversary Proceeding 17-21484-EPK and*

*Debtor's Motion for Contempt (the "Motion").* The Court, having considered the Motion and the

*Settlement Agreement and Release* (the "Agreement") attached to the Motion as **Exhibit "A"**,

and the movant having represented that the motion was served on all parties required by

Bankruptcy Rule 2002 or Local Rule 2002-1 (H), or (I) or (J), that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or even served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and being otherwise fully advised in the premises, does thereupon **ORDER** as follows:

1.   The Motion is **GRANTED**.

2.   The Agreement is **APPROVED** in its entirety.

3.   The Pretrial conference in the adversary proceeding scheduled for February 14, 2018 at 9:30 a.m. and the Debtor's evidence hearing on the contempt motion scheduled for February 15, 2018 @ 9:30 a.m., are cancelled as they have been rendered moot through the Court's approval of the Agreement.

4.   The Parties are directed to comply and fulfill all terms and conditions of the Agreement, and the Court retains jurisdiction to enforce the terms thereof.

# # #

Prepared and Submitted by:
James S. Caris, Esq.
JAMES S. CARIS, P.A.
401 E Las Olas Blvd, #130-117
Fort Lauderdale, FL 33301
Tel. (954) 522-0206
Fax  (954) 523-0198
E-mail: jamescaris@yahoo.com


Copies to:
James S. Caris, Esq.
*(Attorney Caris shall serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.)*

# EXHIBIT "C"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**

In re:

MILENA V. SOKOLOFF

Chapter 7

Case No. 17-21484-EPK

                    Debtor.
_____/

THE HORTON LAW GROUP, PA.

                    Plaintiff,

v.

Adversary Proceeding No.
17-01432-EPK-A

MILENA SOKOLOFF

                    Defendant.
_____/

## STIPULATED JUDGMENT AS TO DISCHARGE OF ATTORNEY FEES OWED TO PLAINTIFF BY DEBTOR-DEFENDANT

**THIS CAUSE** having come before the Court on the *Joint Motion to Approve Settlement Agreement and Release Between (I) Milena V. Sokoloff, Debtor-Defendant ("Debtor")and (II)*

1

*The Horton Law Group, P.A. and Sommer Horton,* (collectively, "Horton") filed in the main bankruptcy case with respect to this Adversary Proceeding and certain other matters, and the Court having reviewed the Joint Motion, and being advised the Parties have resolved all issues as set forth in the Settlement Agreement filed in the main bankruptcy case and  agreed to the entry of this stipulated Judgment, good cause appearing, and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The attorneys' fees owed ($31,387.73) by the Debtor to Horton is discharged pursuant to 11 U.S.C. § 727.

2. All Counts set forth in the Plaintiff's Complaint [D.E.1], objecting to Debtor's discharge are denied and discharge is granted under 11 U.S.C. § 727 to all relevant allegations set forth in the Plaintiff's Complaint.

3. A separate Order executed by this Court shall be entered in the main bankruptcy case, finding the prior state court Order (15th Judicial Circuit of Florida, rendered October 10, 2017, Case No 50-2016 DR 011536 FZ),  that granted an attorney charging lien in favor of Horton against the Debtor for ($31,387.73), is VACATED and VOID, having no legal force or effect.

# # #

Submitted by:
James S. Caris, Esq.
James S. Caris, P.A.
401 E. Las Olas Blvd.
#130-117
Fort Lauderdale, FL 33301
Tel. (954) 522-0206
Fax (954) 523-0198
E-mail: jamescaris@yahoo.com
Attorney for the Debtor

Copies furnished to:

2

James S. Caris, Esq.

*(Attorney Caris shall serve a conformed copy of this Order upon all interested parties, and file a Certificate of Service with the Court)*

# COMPOSITE

# **EXHIBIT "D"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                          CASE NO. 17-21484-EPK

MILENA V. SOLOLOFF                              Chapter 7

       Debtor.

_____/

### ORDER VOIDING AND VACATING THE ATTORNEY CHARING LIEN ORDER ENTERED AGAINST DEBTOR MILENA V. SOKOLOFF

**THIS CAUSE** initially came before this Court on *Debtor's Motion To Hold Attorney Sommer Horton and The Horton Law Group, P. A. In Contempt Of Court for Intentional Violations of The Automatic Stay, Enforcement of The Automatic Stay, Motion to Vacate a State Court Charging Lien Order Entered After The Bankruptcy Filing, And Award Debtor Attorneys' Fees.* [D.E. 23], (the "Motion"). Being advised the Debtor, The Horton Law Group, P.A and Sommer Horton (collectively, the "Parties") have determined all issues raised in the Motion and have entered a Settlement Agreement resolving the matter in full, it is

       **ORDERED AND ADJUDGED** that:

       The Attorney Charging Lien Order entered in favor of The Horton Law Group, P.A. against the Debtor, Melina V. Sokoloff for ($31,387.73) on October 10, 2017 in the 15th Circuit Court in and for West Palm Beach Florida, Case No. 50-2016 DR 011536 (FZ), is deemed void and vacated,

having no legal force or effect. The now void and vacated Order is attached hereto as an **Exhibit** for reference.

# # #

<u>Submitted by:</u>
James S. Caris, Esq.
James S. Caris, P.A.
401 E. Las Olas Blvd.
#130-117
Fort Lauderdale, FL 33301
Tel. (954) 522-0206
Fax (954) 523-0198
E-mail: jamescaris@yahoo.com
Attorney for the Debtor

<u>Copies furnished to:</u>
James S. Caris, Esq.

*(Attorney Caris shall serve a conformed copy of this Order upon all interested parties, and file a Certificate of Service with the Court)*

Filing # 62665503 E-Filed 10/11/2017 08:37:22 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.: <u>50-2016 DR 011536</u>
Division:  <u>FZ</u>

STEPHEN SOKOLOFF,
Petitioner/Husband,

and

MILENA SOKOLOFF,
Respondent/Wife

### ORDER FOR ATTORNEY'S CHARGING LIEN

THIS MATTER having come to be heard on October 10, 2017, on the Horton Law Group, P.A.'s Notice and motion for Attorney's Charging Lien filed by Sommer C. Horton, Esq on behalf of the Horton Law Group, P.A. on April 5, 2017, due notice having been given to the parties, the Court finds that:

1.       Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. has represented MILENA SOKOLOFF, Respondent, in the above styled cause.

2.       On December 15, 2016, Respondent agreed to pay Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. a reasonable fee for services rendered on Respondent's behalf as follows:  $300.00 per hour for Sommer C. Horton's time; $275.00 per hour for associate time; and $225.00 per hour for paralegal/legal assistant time, as can be seen by the Family Law Legal Services Agreement executed by MILENA SOKOLOFF/Respondent, which is dated December 15, 2016.

3.       Respondent received a positive judgment/settlement in this case. Final Judgment was entered into by the court on September 6, 2017.

4.       Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. has not been paid for services rendered on behalf of Respondent in this matter. Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. is owed $31,387.73 due and unpaid as compensation for professional legal services rendered and costs in the above-styled cause on behalf of Respondent, plus accruing interest at the maximum legal rate through the date the total amount of delivered and paid in full to Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A.

5.       Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. is entitled to a lien against monies awarded to Respondent for services rendered on Respondent's behalf.

6.       The Court finds the time expended, rates charged and costs incurred on behalf of

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 10/11/2017 08:37:22 AM



Respondent are reasonable and further finds the reasonable fees and costs still due and owing and unpaid as compensation for professional legal services rendered and costs in the above-styled cause on behalf of Respondent, including interest accrued to date, to be $31,387.73.

On the evidence presented the Court does hereby

**ORDER, ADJUDGE, and DECREE:**

1.    The notice/motion for charging lien filed by Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A is GRANTED.

2.    Sommer C. Horton, Esq. on behalf of the Horton Law Group, P.A. is awarded a lien on any property/monies awarded to MILENA SOKOLOFF/Respondent, in the amount of $31,387.73.

**DONE AND ORDERED**, in chambers, at Delray Beach, PALM BEACH County, Florida on the 10th day of October, 2017.



_____
Circuit Judge

Copies to:

Sommer C. Horton, Esq.
The Horton Law Group, P.A.
101 Plaza Real South, Suite 215
BOCA RATON, FL 33432
shorton@horton-law-group.com

MILENA SOKOLOFF
Address unknown
milenavalenci@yahoo.com.mx

Attorney for STEPHEN SOKOLOFF
Stacey Cohen Blass, Esquire
Cohen Blass Law, P.A.
3101 North Federal Highway
Suite 401
Ft. Lauderdale, FL 33306
SCB@CohenBlassLaw.com

26

# EXHIBIT "E"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

                    CASE NO. 17-21484-EPK

MILENA V. SOLOLOFF
                    Chapter 7

       Debtor.
_____/

**NOTICE WITHDRAWING DEBTOR'S MOTION TO HOLD ATTORNEY SOMMER HORTON AND THE HORTON LAW GROUP P.A. IN CONTEMPT OF COURT FOR INTENTIONAL VIOLATIONS OF THE AUTOMATIC STAY AND ENFORCEMENT OF THE AUTOMATIC STAY [D.E. 23]**

      **SUBJECT To** the Court's approval of the Settlement Stipulation entered into by the Debtor, Attorney Sommer Horton and The Horton Law Group, P.A, this **NOTICE** shall be filed and will serve as an immediate withdrawal of her *Motion to Hold Attorney Sommer Horton and The Horton Law Group, P.A. In Contempt Of Court for Intentional Violations of The Automatic Stay, Enforcement of The Automatic Stay, Motion to Vacate a State Court Charging Lien Order Entered After The Bankruptcy Filing, and Award Debtor Attorneys' Fees.* [D.E. 23], (the "Motion"). **This withdrawal is subject to the exception that the State Court Charging Lien will be voided and vacated  which the parties have agreed to  as set forth in the Stipulation of Settlement**.

      Executed this *12 th* day of January, 2018

**CERTIFICATE OF SERVICE** .

  **I HEREBY CERTIFY** a true and correct copy of the foregoing was electronically served using the CM/ECF system for the U.S. Bankruptcy Court Southern District Florida, which sent notification to all parties of interest participating in the CM/ECF regarding this case, includeing Trustee Debrorah  on  Febraury __, 2018 and by email transmission to the Horton Law Group, P.A. and Sommer C. Horton, Esq., shorton@horton-law-group.com and dwolf@horton-law-group.com on February __, 2018

                            **JAMES S. CARIS, P.A**.
                            /S/James S Caris_____
                            401 E. LAS OLAS BLVD
                            #130-117
                            FORT LAUDERDALE, FL 33301
                            TEL. (954)-522-0206
                            FAX (954)-523-0198
                            EMAIL:jamescaris@yahoo.com
                            FL BAR NO. 382213
                            ATTORNEY FOR DEBTOR